In the Matter of the Accounting of BANKERS TRUST COMPANY, as Executor of BLANCHE BARCLAY, Deceased Trustee under the Will of GEORGE C. BARCLAY, Deceased, Appellant. BEATRICE B. OBER et al., Appellants; WILLIAM S. OVEREND, Special Guardian for JUNIUS S. MORGAN, II, and Another, Infants, and for Unborn Persons, Respondent.— In these proceedings, Bankers Trust Company, as executor of the estate of Blanche Barclay, as trustee of the trust created by the will of her father, George C. Barclay, deceased, asked for a construction of those provisions of her will whereby she purported to exercise the power of appointment given to her by his will. The decedent's will bequeathed his residuary estate in trust for the benefit of his wife for life, thereafter for his daughter, Blanche, for life, and then provided that " upon her death I give, devise and bequeath such residue, to such person or persons as she shall by Will appoint; or failing such appointment, * * * to my sons in equal shares ". In addition to the power to appoint said trust estate, Blanche Barclay had at her death a considerable separate estate of her own, although controversy later developed as to the true ownership of the bulk thereof. Her will declared it to be her intention to dispose of both estates thereby, directed (art. Second) that " all my just debts, funeral and testamentary expenses, and all estate, transfer and inheritance taxes upon my estate and upon all other property passing under the provisions of this my will, shall be paid out of * * * said trust estate ", bequeathed (art. Seventh) the residue of said " trust " estate to certain named beneficiaries, and made certain bequests out of her " separate " estate and created out of the residue thereof two equal trusts, each for the benefit of a named beneficiary for life, thereafter to be subdivided for the benefit of certain issue. Other than funeral bills, testamentary expenses and estate taxes, the record shows no debts of significant amount. It was stipulated that there was evidence of " some " commingling by Blanche Barclay of trust assets with those of her separate estate, but no concession was made as to the extent thereof. It is claimed that the exercise of the power of appointment contained in article Second of her will was

invalid because (1) it was not within the scope of the power for Blanche Barclay to appoint the "trust" estate to pay her debts, expenses and taxes; (2) it offended the perpetuity statutes (Personal Property Law, § 11; Real Property Law, § 42) in that the employment of the trust estate to discharge the obligations of Blanche Barclay's separate estate indirectly enlarged the trust provided for out of the residue of her estate, to the extent of the amount paid by the trust estate, and caused a suspension of ownership of property for more than two lives in being, and (3) it also offended the perpetuity statutes in that the appointments could not vest immediately, some of the appointees (and the sums payable to them) being unascertainable at her death. It is also claimed that said article being invalid for the foregoing reasons, the appointment of the "trust" residuary in article Seventh must also be rejected because the elimination of the former destroys the testamentary plan of the testatrix; and that the whole exercise of the power is invalid because, it is alleged, Blanche Barclay, in the administration of the trust, so commingled its assets with her own as to constitute a fraud upon the power, cause her testamentary plan to run afoul of the perpetuity statutes, and thwart execution of said plan. Finally, it is claimed that *only* the assets identified by Blanche Barclay as belonging to the trust fund passed under the appointment, and that, therefore, there was a failure of appointment as to assets not so identified. The Surrogate of Kings County determined that the power of appointment was validly exercised. The appeals are from the decree entered thereon. Decree unanimously affirmed, with costs to all parties filing briefs, payable out of the estate. No opinion. Present — Nolan, P. J., Adel, MacCrate, Schmidt and Beldock, JJ. [See *post*, p. 743.]